IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. PERRY AVRAM MARCH**

**Appeal from the Criminal Court for Davidson County
Nos. 2004-D-3113, 2005-D-2854        Steve R. Dozier, Judge**

_____

**No. M2018-00660-CCA-R3-CD**
_____

Defendant, Perry Avram March, was convicted in Case No. 2004-D-3113 of second degree murder, abuse of a corpse, and destruction of evidence for his role in the death of his wife and in Case No. 2005-D-2854 of conspiracy to commit first degree murder for his plan to kill his in-laws. Defendant was sentenced to a total effective sentence of fifty-six years. Defendant's direct appeals were unsuccessful. *See State v. March*, 494 S.W.3d 52 (Tenn. Crim. App. 2010) ("the conspiracy case"); *State v. March*, 395 S.W.3d 738 (Tenn. Crim. App. 2011) ("the murder case"). Subsequently, Defendant sought relief by filing a motion pursuant to Tennessee Rule of Criminal Procedure 36, arguing that there was an error in one of the judgment forms with regard to the manner of service of the sentence. The trial court denied relief. On appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Perry Avram March, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tom Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant's wife, Janet March, disappeared in mid-August of 1996. *March*, 395 S.W.3d at 745. At the time of the victim's disappearance, the couple was reportedly

suffering from marital problems. *Id.* Defendant initially told relatives that the victim left the house on an extended solo vacation, but when she did not return for her son's birthday party about two weeks later, she was reported missing by her parents. *Id.* at 746. The victim's vehicle was eventually found at an apartment complex in Nashville in September of 1996. *Id.* Defendant was later identified by a resident of the apartment complex as being present with a bicycle on or near the date of the victim's disappearance. *Id.* at 751.

As the result of a lengthy investigation involving both state and federal authorities that took place over the course of about ten years and was replete with twists and turns, the authorities developed Defendant as a suspect and eventually arrested Defendant for his role in the victim's death and disappearance. At the time of his arrest for the victim's murder, Defendant lived in Mexico with the couple's children. *Id.* at 759. The victim's body has never been found.

After Defendant was incarcerated for the victim's death, authorities learned of Defendant's plans to murder the victim's parents. The grand jury indicted Defendant for one count of conspiracy to commit first degree murder and two counts of solicitation to commit first degree murder of the victim's parents. *March*, 494 S.W.3d at 58.

Prior to Defendant's trial involving the victim's death, Defendant's own father, Arthur March, entered a guilty plea in federal court to conspiracy to commit murder of the victim's parents. He received a sentence of split confinement in exchange for his truthful testimony in the murder case. In a related civil case, the senior March admitted during a deposition that he disposed of Defendant's computer hard drive and helped Defendant dispose of the victim's remains. *March*, 395 S.W.3d at 754. This testimony was admitted during the murder trial. At the conclusion of the murder trial, a jury found Defendant guilty of second degree murder, abuse of a corpse, and destruction of evidence.

In the second trial, Defendant was charged with and convicted of one count of conspiracy to commit first degree murder and two counts of solicitation to commit first degree murder of the victim's parents. *March*, 494 S.W.3d at 58. Defendant's convictions in the conspiracy case were based, in large part, on testimony from a fellow inmate, Nathaniel Farris, who explained that Defendant enlisted him in a plan to kill the victim's parents. *Id.* at 62. In exchange for his role in the murders, Defendant would pay Mr. Farris's bond. *Id.* at 64. Mr. Farris eventually agreed to work with authorities, recording several conversations with Defendant. *Id.* at 63.

The trial court held a combined sentencing hearing in the murder and conspiracy cases.[1] At the conclusion of the sentencing hearing, Defendant was sentenced as a Range I, standard offender to twenty-five years at 100% for the murder conviction (Count 1), two years at 30% for the abuse of a corpse conviction (Count 2), and five years at 30% for the destruction of evidence conviction (Count 3). The trial court ordered the sentence for Count 3 to run consecutively to Count 2. The trial court ordered Count 2 to run consecutively to Count 1. This yielded a thirty-two year sentence, twenty-five of which must be served at 100%, in Case No. 2004-D-3113. In the conspiracy case, Case No. 2005-D-2854, the trial court merged the solicitation counts into the conspiracy count and imposed a sentence of twenty-four years at 30% for the conviction for conspiracy to commit first degree murder. The trial court ordered the sentence in the conspiracy case to be served consecutively to the sentences in the murder case, for a total effective sentence of 56 years. Specifically, the judgment form for Count 1 in the murder case indicates that it is "Consecutive to: 2005-D-2854." The judgment form for the conspiracy conviction indicates that it is to be served "Consecutive to: 2004[-]D[-]3113 all cts." The judgments were entered on September 6, 2006.

In February of 2018, Defendant filed a pro se "Motion to Correct Error in Judgments Pursuant to Rule 36." In the motion, Defendant argued that the "contradictory pronouncements by the Court create[] a logical impossibility; the two sentences cannot possibly run consecutive to each other – one must be served first." Defendant insisted that the judgments "create a legal nullity" and that he is eligible to be considered for "custodial parole to the three counts of case 2004-D-3113." As a result, he asked the trial court to "correct and amend the errors in these judgments to properly reflect the actual sentence imposed." Defendant claimed that the Tennessee Department of Correction ("TDOC") was forcing him to serve the sentence in the murder case first, "flatly contradictory to the explicit language of the second degree murder judgment itself."

The trial court denied the motion without a hearing, stating, "After reviewing the record and past orders, the Court finds the above sentences are correct." It is from this order denying relief under Tennessee Rule of Criminal Procedure 36 that Defendant appeals to this Court.

*Analysis*

On appeal, Defendant insists that "[t]his is a very simple appeal" because the judgment entered in case number 2004-D-3113 is "absolutely wrong." In his view, the trial court erred by refusing to "correct and amend the judgment" pursuant to his motion filed under Tennessee Rule of Criminal Procedure 36. Specifically, Defendant cites Rule

---

[1] Defendant was also sentenced in a third case for a theft of property conviction. The conviction and sentence in that case is not at issue in this appeal.

17 of the Tennessee Supreme Court Rules to support his argument. According to Defendant, Rule 17 requires a judgment form to include "appropriate notations stating whether the sentences will run consecutively or concurrently" when there are multiple convictions. He alleges that the trial court refused to correct the error in the judgment for case No. 2004-D-3113 to reflect that the "second degree murder sentence is to run before the sentence for conspiracy, not consecutive to the conspiracy sentence." The State insists that Defendant is seeking relief that is not contemplated by Rule 36 and, therefore, the trial court properly denied relief.

Tennessee Rule of Criminal Procedure 36 allows a court to correct clerical mistakes in judgments "at any time." Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011)). "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). "To determine whether the judgment contains a clerical error, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements," which is controlling. *Id.* A trial court's ruling on a Rule 36 motion is reviewed on appeal for an abuse of discretion. *State v. Tony Arthur Swann*, No. E2015-01516-CCA-R3-CD, 2017 WL 2483000, at *2 (Tenn. Crim. App. June 8, 2017), *no perm. app. filed*.

Defendant argues that the sentence for the murder conviction was entered in error because it was ordered to be served consecutively to the sentence for the conspiracy conviction and the conspiracy conviction was ordered to be served consecutively to the sentence for the murder conviction. The trial court herein, the same trial court that sentenced Defendant in both the murder case and the conspiracy case, found no error in the judgment forms. Defendant's argument essentially seeks clarification of a previous sentencing order, and Rule 36 is not a proper avenue for clarification of a judgment. *State v. Charlie Burks*, No. W2011-02567-CCA-R3-CD, 2013 WL 3193422, at *3 (Tenn. Crim. App. June 21, 2013), *perm. app. denied* (Tenn. Nov. 13, 2013) (examining sentences imposed prior to requirement of uniform judgments to determine whether sentences were ordered to be served concurrently or consecutively and finding that there was a valid court order imposing three consecutive sentences such that clarification of the court's order was not contemplated under Rule 36).

Moreover, the "release eligibility date provided for . . . is separately calculated for each offense for which a defendant is convicted." T.C.A. § 40-35-501(m). Specifically, "[f]or consecutive sentences, the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date for consecutive sentences." *Id.* Thus, the total period Defendant must serve in incarceration before

becoming release eligible is the same regardless of which sentence is served "first." The sentencing calculation is very clear and straight forward – fifty-six years, twenty-five of these years to be served at 100%. Consequently, there is no clerical error to be corrected under Rule 36, and Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE